UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED : 11/9/2011

UNITED STATES OF AMERICA  :

v.  :  S12-94CR. 313 (CSH)

STEVEN CAMACHO and  :  **OPINION AND ORDER**
JAIME RODRIGUEZ,
      :
Defendants.

HAIGHT, Senior District Judge:

On June 26, 1996, co-defendants Steven Camacho and Jaime Rodriguez were convicted by a jury on narcotics and related offenses. Following their lengthy and ultimately unsuccessful motions for judgments of acquittal or, in the alternative, new trials, on June 19, 2000 this Court sentenced Camacho and Rodriguez to terms of imprisonment. In the wake of *Booker*[1] and *Crosby*[2], the Court re-sentenced both defendants on June 11, 2009.

The case has been revived because the day after their June 11, 2009 re-sentencing, Camacho and Rodriguez sent a joint letter to the Court, expressing confusion about and dissatisfaction with the action of the Bureau of Prisons in respect of its calculation of the time the defendants must serve in this case, within the context of a prior conviction for which they are also serving time. Counsel for both defendants became reactivated. A number of letter briefs were exchanged between defense counsel writing jointly and the government, the latest being a letter dated August 5, 2011 from

---

[1] 543 U.S. 220 (2005).

[2] 397 F.3d 103 (2d Cir. 2005). The defendants having appealed their convictions and sentences, the Second Circuit remanded the case to this Court for re-sentencing. 187 Fed.Appx. 30 (2d Cir. 2006).

1

Joshua A. Dratel, Esq., counsel for Camacho, joined in by Joyce C. London, Esq., counsel for Rodriguez because "[t]he issues raised herein apply equally to Mr. Rodriguez." Dratel Letter dated August 5, 2011 at 1 fn.1. AUSA Todd Blanche has briefed the case for the government. Defendants move for a downward modification of the sentences this Court passed upon them on June 11, 2009. The government opposes the motion. The pendency of the motion prevents this Court from entering a final judgment of conviction and sentence, which in turn prevents the Court of Appeals from acting upon the defendants' direct appeals in this case. This opinion resolves that motion.

The pertinent facts are these. I will focus upon Mr. Camacho's situation; as noted, the circumstances and issues concerning Mr. Rodriguez are essentially the same. In 1993 Camacho was indicted in this District on substantive narcotics and firearms charges, together with charges of conspiracy to suborn perjury and tamper with a witness. S2 93 Cr. 549 (JFK) ("the Keenan case"). Camacho pled guilty before Judge Keenan, who on November 22, 1994 sentenced Camacho to a term of imprisonment of 25 years. Camacho was serving that sentence during the trial of the instant case, which as noted ended in a jury verdict of guilty. I passed the original sentence upon Camacho on June 19, 2000. The Bureau of Prison's sentence computation indicates that the Bureau "has calculated that November 22, 1994, the initial sentencing date in SR 93 Cr. 549 (JFK), represents the commencement of that sentence, while Mr. Camacho's sentence in this case began only as of June 19, 2000." Dratel Letter dated August 5, 2011 at 2.

The juxtaposition of these particular dates, with which no party quarrels, gives rise to the present dispute: Whether the sentence imposed by this Court in this case should run concurrently with the beginning of Camacho's sentence in the Keenan case (November 22, 1994), or did not begin to run concurrently with Judge Keenan's sentence until after this Court first imposed sentence in this

2

case (June 19, 2000). Defendants prefer the former interpretation, the government prefers the latter. These conflicting periods of concurrence generate an obvious and significant difference in release times from the sentence in this case. Defense counsel ask this Court to modify the sentence it imposed upon defendants "by subtracting that time from the length of the sentence imposed in this case." Dratel Letter dated August 5, 2011 at 1. In an earlier letter brief, Mr. Dratel calculated without subsequent contradiction that absent that modification, Camacho's release date "will be sometime in 2025," whereas if Camacho's sentence is modified as requested, his release would be "sometime in 2018 (or late 2017 depending on particular good time calculations)." Dratel Letter dated July 10, 2009 at 5.

Defendants' principal contention, revealed by the evolving briefs, is that when the Bureau of Prisons designated the date this Court passed sentence as the date when that sentence and Judge Keenan's began to run concurrently with each other, rather than the earlier date when Judge Keenan passed his sentence, the Bureau wrongfully disregarded this Court's "intention, *i.e.*, that it be a 30-year term of imprisonment, rather than the 37-year sentence it will be for practical purposes as presently constituted." Dratel Letter dated July 10, 2009 at 1. That perception leads to the conclusions expressed in Mr. Dratel's August 5, 2001 Letter at 2: The Bureau of Prisons "has refused to honor the Court's intention that its sentence run concurrent with *the beginning* of Mr. Camacho's sentence in S2 93 Cr. 549 (JFK)" (emphasis in original), with the result that the Bureau's sentence calculation "results in Mr. Camacho serving 37 years for both sentences, rather than the 30 years the Court intended."

That perception and those conclusions, articulated by able defense counsel for both defendants, requires analysis of whether the full record of the case supports the sentencing intention

3

counsel ascribe to the Court. The "full record" must be considered because there is nothing new about the issues discussed in the most recent submissions. When I first sentenced the defendants in June 2000, everyone was aware that Camacho and Rodriguez were serving time under the sentences Judge Keenan imposed in November 1994. At the initial sentencing hearings, and again at the post-*Crosby* re-sentencing in June 2009, counsel for both defendants made this request: "[G]ive Mr. Rodriguez credit from 1994 to 2000 when he was detained on both this case and the Judge Keenan case for which the Bureau of Prisons will not give him any credit towards this sentence."[3] Counsel for Camacho made and repeated the same request. I declined the requests on all four occasions, twice in 2000 and twice in 2009 (once for each defendant).

Defendants' letter briefs now properly acknowledge that a claim that the Bureau of Prisons wrongfully refused to *credit* defendants in this case with time previously served under Judge Keenan's sentence will not lie because "the seven years in question was [*sic*] (and continues to be) credited against Mr. Camacho's sentence" in Judge Keenan's case. Dratel Letter dated July 10, 2009 at 3. In consequence, the concluding sentence of the governing statute, 18 U.S.C. § 3585(b), bars such a claim. The question need not be further explored. The "time credit" theory is no longer pressed by defendants.

Instead, as the quotations *supra* reveal, defendants now rely upon this Court's perceived *intention* that my sentence would run *concurrently* with the period beginning with the date Judge Keenan passed sentence, an intention the Bureau of Prisons is charged with refusing to honor: a shift, then, from the concept of time being credited to time running concurrently. The government does

---

[3] I have quoted the remarks of Ms. London, counsel for defendant Rodriguez, during the June 11, 2009 re-sentencing hearing, as set forth in the government's Letter Brief dated July 17, 2009 at 2.

4

not accept that the Court held or expressed such an intention, or that in any event the Court was authorized to indulge it.

It is generally advisable, when the meaning or intentions of a document are at issue, to look first to the wording of the document itself. Defendants were each convicted by the jury on all five Counts of the superseding Indictment. The Judgment of Conviction provides for terms of imprisonment of 25 years "on Cts. 2&3"; 10 years "on Cts. 1&4"; and then provides: "all terms under Cts. 1-4 to run concurrently with each other and terms imposed under S2 93 Cr. 549-JFK." On Ct. 5, 5 years "to run consecutively to terms imposed under Cts. 1-4 and under S2 93 Cr. 549-JFK." Count 5 receives special non-concurrent treatment because the conviction fell under the gun statute, 18 U.S.C. § 924(c), which requires that terms of imprisonment for violations be consecutive to other counts of conviction in the indictment.

The reader will note that the Judgment does not state explicitly when the two sentences *began* to run concurrently. It was not irrational for the Bureau of Prisons to reject defendant's contentions as to credit and concurrency that it should be the date when their incarceration under Judge Keenan's sentences began. That is so, as to credit, because of the wording of § 3585(b), previously noted; and as to concurrent sentences, because of the plain English meaning of the adjective "concurrent." If one accepts *Black's Law Dictionary* (7th Ed. 1999) as a source of plain English, "concurrent" is defined as "Operating *at the same time*," and "concurrent sentences" is defined as "Two or more sentences of jail time *to be served simultaneously*." (emphases added). Just as it takes two to tango, it takes two existing sentences for them to be served simultaneously with each other. Judged by that measure, I could not sensibly have provided in my 2000 sentences that they would run concurrently from the beginning of Judge Keenan's 1994 sentences because, during the years between 1994 and

5

2000, Judge Keenan's sentences were not operating at the same time with mine, as yet unborn; and Judge Keenan's sentences did not have other sentences whose jail time could be served simultaneously with his.

I come now to the one judicial remark in the record upon which Mr. Dratel bases his present argument of "original intent." During the 2009 re-sentencings, I said this: "[A]lthough the resentencing is dated today, the time that will be *credited* against the resentencing which I pass today will go back and *run concurrently with and be credited from* the date that the incarceration under Judge Keenan's sentence began." Tr., June 11, 2009 at 25 (emphases added).

I acknowledge with chagrin that these remarks are hardly a model of judicial clarity. They mix together as in a blender the concepts of crediting time and concurrently running sentences. Crediting time has now dropped out of the case, and to the extent that gave rise to confusion and false hope, I regret it. However, the use of Judge Keenan's earlier sentencing date would be relevant to the crediting of time, but plays no legitimate role in fashioning concurrent sentences, even assuming *dubitante* that a sentencing judge is authorized to make his sentence run concurrently with previously served time under another judge's sentence, imposed several years earlier. In any event, as for concurrent sentences in this case, also prayed for by the defendants, my intent was to protect the defendants from the harm that this Court's failure to make any order of concurrent sentences would inflict upon them, given the severity of their criminal acts in the two cases. The last sentence of 18 U.S.C. §3584 provides generally: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." If my Judgment had been silent on the point, and defendants were required to serve the sentences in this case consecutively to those imposed by Judge Keenan, their distress would be greater than it is today. My

6

intent in sentencing the defendants in this case was to spare them the extremity of that sentencing hardship. That is the only intent I can identify or that the record demonstrates, and the Bureau of Prisons has complied with it. It follows that the Bureau of Prison's sentencing calculation does not disregard or dishonor any sentencing intention of this Court.

I have considered all of defendants' additional points, which repeat arguments the Court has previously rejected, and reject them again, without the need for further discussion.

The motions of both defendants, Steven Camacho and Jaime Rodriguez, for modifications of their sentences are DENIED. Presumably this will open the path to consideration by the Second Circuit of defendants' direct appeal. If that Court requires anything further from this Court, I will attempt to comply with its instruction.

It is SO ORDERED.

Dated: New York, N.Y.
        November 8, 2011

                                      CHARLES S. HAIGHT, JR.
                                      SENIOR UNITED STATES DISTRICT JUDGE